OPINION
Plaintiff-appellant William J. Barnett appeals the March 23, 2000 Judgment Entry of the Muskingum County Court of Common Pleas, Juvenile Division, which granted permanent custody of appellant's two children to appellee, Muskingum County Children Services (hereinafter "MCCS").
 STATEMENT OF THE FACTS AND CASE
On June 11, 1995, the trial court granted temporary custody of William J. Barnett, IV, and Cheyenne N. Barnett to MCCS. The children's mother was living in another state, and their father, appellant herein, was incarcerated in New Mexico. In 1996, MCCS requested a long term foster care/permanent planned living arraignment for the children. The trial court granted this motion in a May 16, 1997 Judgment Entry. On November 17, 1999, MCCS requested a modification of the previously ordered planned permanent living arraignment to an order of permanent custody. The trial court conducted a hearing on March 8, 2000. The assistant prosecuting attorney for Muskingum County, two representatives of MCCS, the guardian ad litem, and an attorney for appellant were present at the hearing. Appellant was unable to attend due to his continued incarceration. Temple Butterfield, the children's mother, did not personally appear and was not represented by counsel. Appellant's attorney filed a motion for the presentation of evidence, requesting the court review various affidavits and other information in lieu of appellant's testimony at the hearing. The State stipulated to the admission of all affidavits and information submitted by appellant, and the trial court granted the motion. The evidence presented at the hearing demonstrated appellant was incarcerated at the Guadalupe County Correctional Facility in Santa Rosa, New Mexico. Appellant is not eligible for parole until January 2014. Appellant maintains his innocence on the charge for which he is incarcerated, and has enlisted the Innocence Project of the Benjamin N. Cardozo School of Law at Yeshiva University to assist in his exoneration. In a March 23, 2000 Judgment Entry, the trial court found by clear and convincing evidence the children could not be placed with either parent within a reasonable period of time or should not be placed with either parent. The trial court further found it was in the best interest of the minor children to be permanently committed to the custody of MCCS. It is from this judgment entry appellant prosecutes his appeal, assigning the following as error:
 THE TRIAL COURT ERRED IN ITS JUDGMENT THAT WILLIAM J. BARNETT IV AND CHEYENNE N. BARNETT SHOULD BE PLACED IN THE PERMANENT CUSTODY OF MUSKINGUM COUNTY CHILDREN SERVICES SOLELY BECAUSE OF THEIR FATHER'S IMPRISONMENT.
 I
In his sole assignment of error, appellant maintains the trial court erred in granting permanent custody of his children to MCCS solely on the basis of his imprisonment. We disagree. This case comes to us on the accelerated calender. App.R. 11.1, which governs accelerated calender cases, provides, in pertinent part: (E) Determination and judgment on appeal. The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form.
This appeal shall be considered in accordance with the aforementioned rule.
We are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Constr. (1978), 54 Ohio St.2d 279. The relevant statute is R.C. 2151.414, which provides, in pertinent part:
 (B) The court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division
 (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:
 (1) The child is not abandoned or orphaned and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents;
* * *
In determining the best interest of a child, R.C. 2151.414(D) states:
 (D). . . the court shall consider all relevant factors, including, but not limited to, the following:
 (1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child;
* * * (3) The custodial history of the child;
 (4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency.
Upon review of the record, we find the trial court's finding it was in the childrens' best interests to grant MCCS's motion for permanent custody is not against the manifest weight of the evidence. The trial court found, pursuant to R.C. 2151.414(B)(1), the children could not be placed with their parents within a reasonable time or should not be placed with their parents. R.C. 2151.414(E)(12) provides: (E) In determining at a hearing held pursuant to division (A) of this section . . . whether a child cannot be placed with either of his parents within a reasonable time or should not be placed with his parents, the court shall consider all relevant evidence. If the court determines . . . that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either of his parents within a reasonable time or should not be placed with his parents:
* * *
 (12) The parent is incarcerated at the time of the filing of the motion for permanent custody or the dispositional hearing of the child and will not be available to care for the child for at least eighteen months after the filing of the motion for permanent custody or the dispositional hearing.
* * *
Applying the above standards to the matter sub judice, and given the fact appellant is not eligible for parole until 2014, we find no error in the trial court's decision to grant permanent custody to MCCS. Appellant's sole assignment of error is overruled.
The March 23, 2000 Judgment Entry of the Muskingum County Juvenile Court is affirmed.
By: Hoffman, P.J. Farmer, J. and Wise, J. concur